LETITIA B. RAMSEY v. FEDERAL LIFE INSURANCE COMPANY.

(Filed 20 March, 1935.)

APPEAL from *Warlick, J.,* at October Term, 1934, of YANCEY. Affirmed.

This was an action brought by the plaintiff on a policy of insurance containing a provision to the effect that in case of total and permanent disability the defendant would pay to the insured one per centum of the face amount of said policy, $1,000, each month during the continuance of her disability, *i. e.,* $10.00 per month. The plaintiff alleges that she was totally and permanently disabled from 27 January, 1932, until 27 August, 1934, and that she was therefore entitled to recover $310.00, plus $22.05 interest, or a total of $332.05.

The court submitted the following issues:

"1. From 27 January, 1932, until 27 August, 1934, has the plaintiff been totally and permanently disabled, within the meaning of the policy sued on and introduced in evidence as plaintiff's Exhibit 1, and by reason of said total and permanent disability has plaintiff necessarily been prevented from engaging in any occupation whatsoever for remuneration or profit?

"2. What sum, if anything, is plaintiff entitled to recover?"

The jury answered the first issue "Yes," and the second, "$310.00, and interest." Whereupon, the court signed judgment for the sum of $332.05, from which the defendant appealed to the Supreme Court, assigning errors.

*Chas. Hutchins and Watson & Fouts for plaintiff, appellee.*
*Parker, Bernard & DuBose for defendant, appellant.*

PARSONS *v.* BESHEARS.

PER CURIAM. Since the charge of the court is not contained in the record, it is presumed to be free from error. The assignments of error based upon the court's refusal to grant the defendant's motion to dismiss the action as of nonsuit cannot be sustained, since the evidence was ample to support the verdict.

The evidence to the effect that the plaintiff had undergone an operation in the year 1931, prior to the disability alleged in the complaint which the defendant makes the basis of certain exceptive assignments of error, was clearly competent for the purposes for which it was admitted, namely, to corroborate the witnesses who had testified that this plaintiff was sick, and to aid the jury in determining whether the plaintiff was totally and permanently disabled at the later time. The assignments of error based upon the ruling of the court that the witness I. N. McLean was a medical expert and permitting him to give an opinion as to the physical condition of the plaintiff are untenable, as the finding of the court that the witness was an expert, since it was based upon sufficient evidence, is conclusive.

This case presents no novel proposition of law and no good purpose can be served by further or more detailed discussion of the assignments of error.

Affirmed.